IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HAWAIIAN RANCHOS ROAD MAINTENANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON FREDRICK SCHICK, *et al.*,<br><br>Defendants. | Case No. 23-cv-00419-DKW-KJM<br><br>**ORDER (1) REMANDING ACTION TO STATE CIRCUIT COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND MOTION TO REMAND** |

On September 21, 2022, Plaintiff Hawaiian Ranchos Road Maintenance Corporation filed a Complaint in the Third Circuit Court for the State of Hawaiʻi, bringing breach of obligation and foreclosure claims against Gordon Fredrick Schick, Mathilda Noilani Mason, and unnamed Doe Defendants. More than a year later, on October 13, 2023, Defendant Mason, proceeding *pro se*, removed the action to this Court. Dkt. No. 1. That same day, Mason additionally filed an application to proceed in district court without prepaying fees or costs ("IFP application"). Dkt. No. 3. Finally, on November 8, 2023, Hawaiian Ranchos Road Maintenance Corporation filed a motion to remand the action to state court,

claiming Mason's notice of removal was untimely and, as a matter of policy, constituted undesirable forum shopping.  Dkt. No. 16.

A defendant may only remove a civil action brought in state court if the federal court would have original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal district courts generally have original, subject matter jurisdiction based either on diversity of citizenship, 28 U.S.C. § 1332, or on the presentation of a federal question, 28 U.S.C. § 1331.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  As removal statutes are "strictly construed," the defendant seeking removal "always has the burden of establishing that removal is proper" and "any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Here, review of the Complaint, notice of removal, and the record generally reveals that this case must be remanded for lack of subject matter jurisdiction.  As an initial matter, the Court lacks diversity jurisdiction because the parties are all citizens of Hawaiʻi.  *See* Dkt. No. 14-4 at 2.  Further, although Defendant Mason cites a slew of federal statutes in her notice of removal, *see* Dkt. No. 1 at 4–7, the Court likewise lacks federal question jurisdiction as "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'" not by a defendant's removal allegations.  The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face

of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Hawaiian Ranchos Road Maintenance Corporation's Complaint raises only two *state law* claims: (1) breach of obligation – damages; and (2) foreclosure. Dkt. No. 14-4 at 3–5. Accordingly, the Court lacks original subject matter jurisdiction over this case[1] and, pursuant to 28 U.S.C. § 1447(c), REMANDS the same to the Third Circuit Court for the State of Hawaiʻi. The IFP Application, Dkt. No. 3, and Motion for Remand, Dkt. No. 16, are therefore DENIED AS MOOT.

The Clerk is instructed to mail a certified copy of this Order to the Clerk of the Third Circuit Court, and then to CLOSE this case.

IT IS SO ORDERED.

DATED: November 13, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*Hawaiian Ranchos Road Maintenance Corp vs. Gordon Fredrick Schick, et al*; Civil No. 23-00419 DKW-KJM; **ORDER (1) REMANDING ACTION TO STATE CIRCUIT COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND MOTION TO REMAND**

---

[1] The additional arguments supporting remand offered by Plaintiff in its Motion for Remand need not be, and are not, addressed herein.